IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos.:  3:11cr96/MCR/EMT
                3:16cv614/MCR/EMT

TYREE DESMOND LINDSEY

### **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct S by a Person in Federal Custody (ECF No. 43). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the motion is untimely and that it should be summarily dismissed.

### **BACKGROUND and ANALYSIS**

On March 2, 2012, Defendant entered a guilty plea to three counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1)

Case Nos.: 3:11cr96/MCR/EMT; 3:16cv614/MCR/EMT

and § 924(a)(2) (ECF No. 22). On November 5, 2012, the court sentenced him to a term of 104-months imprisonment as to each count, to run concurrently (ECF Nos. 41, 42). Defendant did not appeal, and he filed nothing further until filing the instant motion to vacate in November 2016, in which it appears that he is claiming that his plea was not voluntary (ECF No. 43).

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Defendant did not appeal, his judgment of conviction became final on the date on which his time for doing so expired, that is, fourteen days from the entry of judgment in this case. *See* Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *see* Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000); Ramirez v. United States, 146 F. App'x 325 (11th Cir. 2005). Defendant's

judgment of conviction became final on November 19, 2012, and therefore, to have been timely filed, his § 2255 motion had to be filed no later than one year from that date, or by November 19, 2013. His motion, dated November 1, 2016 and received by the clerk on November 14, 2016, is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted); Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones, 304 F.3d at 1039–40; Drew, 297 F.3d at 1286). The onus is on the moving defendant

to show that he is entitled to this extraordinary relief.   Johnson, 340 F.3d at 1226, Jones, 304 F.3d at 1040.   The court will not relieve a petitioner who has sat upon his rights.   United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402–03 (5th Cir. 1999)).

   The version of the § 2255 form Defendant used to submit his motion does not require him to address the issue of timeliness.   Thus, Defendant does not provide any reason to the court for his failure to file his motion for post-conviction relief in a timely manner.   Defendant alludes to mental health issues he has had his entire life and has appended to his motion a copy of a Forensic Mental Health Evaluation conducted at his attorney's request before sentencing.   This alone does not establish his entitlement to equitable tolling.   The court notes that information about Defendant's mental and emotional health, including reference to the aforementioned report, was contained in the Second Final Presentence investigation report (ECF No. 38, PSR ¶¶ 65–71).   As reflected in the PSR, the report concluded that Defendant "has marginal capacity to consult with counsel with a reasonable degree of rational understanding" and that Defendant has "only a marginal understanding of the pending proceedings" (ECF No. 38, PSR ¶ 69c).   Thus, the information contained therein does not constitute "new" information that would support tolling of the

limitation for filing a timely request for § 2255 relief. Defendant's motion should be summarily denied as untimely.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 3:11cr96/MCR/EMT; 3:16cv614/MCR/EMT

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 43) be summarily **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of December, 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:11cr96/MCR/EMT; 3:16cv614/MCR/EMT